IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANTHONY WAYNE KENLEY, #1363226 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv260 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Anthony Wayne Kenley, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

Petitioner is challenging his Denton County conviction for two counts of indecency with a child by sexual contact and two counts of aggravated sexual assault of a child.  A jury convicted him and sentenced him to sixty years' confinement on March 9, 2006.  He states that the Second Court of Appeals affirmed his conviction on October 12, 2006, Cause No. 02-06-00127-CR. Petitioner did not file a petition for discretionary review, but on November 12, 2009,  he filed an 11.07 application for a writ of habeas corpus in state court, which the Court of Criminal Appeals denied without written order based on the trial court's findings without a hearing on December 9, 2009.   He states that he filed an additional state writ of habeas corpus, which was denied on February 2, 2011.

The present petition for a writ of habeas corpus was filed on May 2, 2012.  Petitioner

specified that he placed the petition in the prison mailing system on April 30, 2012; thus, it is deemed filed on April 30, 2012, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner claims he is entitled to relief based on evidentiary issues, prosecutorial misconduct, and ineffective assistance of counsel.

## Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D). The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Id*. at 2244(d)(2).[1]

In the present case, the Petitioner is challenging his conviction. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. Petitioner did not file a petition for discretionary review; thus the conviction became final when the opportunity to file a petition for discretionary review had expired.

---

[1] The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

He had thirty days after the court of appeals issued a decision to file a petition for discretionary review. Tex. R. App. Proc. 68.2(a). The Second Court of Appeals affirmed his conviction October 12, 2006. Thus, the conviction became final on November 11, 2006, and the present petition was due no later than November 11, 2007, in the absence of tolling provisions. It was not filed until April 30, 2012 – more than four years and five months beyond the limitations deadline.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner filed an application for writ of habeas corpus in state court on November 12, 2009. However, it does not serve to toll the limitations period since it was not filed prior the AEDPA deadline of November 11, 2007. Likewise, his subsequent state writs did not serve to toll the limitations period either.

The United States Supreme Court has confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional

circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

In this case, Petitioner has not shown that he exercised reasonable diligence nor has he shown rare and extraordinary circumstances that prevented him from timely filing. He filed his petition 1632 days beyond the limitations deadline. Consequently, the petition should be dismissed as time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is respectfully

recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a

certificate of appealability as to his claims.

## Recommendation

It is accordingly recommended that Petitioner's motion for relief under 28 U.S.C. § 2254 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 21st day of September, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE